**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon Saltzman, | No.  CV-25-00020-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| United States Department of the Interior, et al., | |
| Defendants. | |

Before the Court is the Federal Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 14), Plaintiff Jon Saltzman's Response (Doc. 16), and Defendants' Reply (Doc. 17), as well as Plaintiff's Motion to Amend (Doc. 19) and Defendants' Response (Doc. 23). The Court now rules as follows.

## I.    BACKGROUND

Plaintiff is the holder of 103 unpatented placer mining claims in Arizona.[1] "A valid mining claim is required to exclude others from valuable deposits discovered on federal lands." *Saltzman v. United States,* No. 2024-1785, 2025 U.S. App. LEXIS 1439, at \*1–2 (Fed. Cir. Jan. 23, 2025). Unpatented mining claims confer a possessory right to a mineral deposit and the lands containing it, but they do not confer fee title to the land. *Id*. at \*2. In 2012, the Consolidated Appropriations Act ("CAA") changed the annual maintenance fee for placer mining claims, which substantially increased the fees owed by Plaintiff from

---

[1] Placer mining targets loose mineral deposits, whereas lode mining targets minerals trapped in solid rock.

1   $14,420 to $115,360 per year. *Id.* at *3.

2   In December 2013, Plaintiff filed a complaint in the United States Court of Federal

3   Claims, asserting under the Fifth Amendment that his placer mining claims were taken

4   without just compensation because of the CAA. *Id.* at *4; *see Saltzman v. United States*,

5   No. 13-1014, 2024 U.S. Claims LEXIS 753 (Fed. Cl. Apr. 11, 2024). Those proceedings

6   were stayed so that the Bureau of Land Management ("BLM") could determine if

7   Plaintiff's mining claims were valid, and thus whether he had any cognizable property

8   interest for purposes of his Fifth Amendment claim. *Saltzman*, 2025 U.S. App. LEXIS

9   1439, at *4. After lengthy proceedings and multiple appeals to the Interior Board of Land

10  Appeals ("IBLA"), it was ultimately determined that all 103 of Plaintiff's mining claims

11  were invalid. *Id.* at *6–7. Plaintiff's Court of Federal Claims case was then dismissed for

12  lack of subject matter jurisdiction and failure to state a claim because (1) Plaintiff had not

13  established a valid property interest in any mining claim, as BLM had determined all 103

14  of his mining claims were invalid, and (2) even if he had a valid mining claim, the CAA

15  did not constitute a taking. *See Saltzman*, 2024 U.S. Claims LEXIS 753. On appeal,

16  however, the Federal Circuit Court of Appeals vacated the lower court's decision, holding

17  that the Claims Court lacks jurisdiction over Plaintiff's takings claim until Plaintiff pursues

18  his appellate rights in district court to challenge the IBLA's determinations that his mining

19  claims were void. *Saltzman*, 2025 U.S. App. LEXIS 1439, at *12–13. If Plaintiff obtains a

20  reversal in this Court, "the Claims Court would have jurisdiction to review his takings

21  claim on the merits for those valid mining claims." *Id.* at *12.[2]

22  On January 6, 2025, Plaintiff filed a Petition for Judicial Review of IBLA 2019-

23

24      [2] Plaintiff has filed two separate lawsuits in the District of Arizona, the other of
25  which is currently before Judge Tuchi. *See Saltzman v. United States Dept. of the Interior,
    et al.*, 2:25-cv-00223-JJT (D. Ariz. 2025). In the instant case, Plaintiff challenges BLM's
26  determination that 70 of his mining claims were void at Phase I of BLM's review process,
    where BLM determined whether Plaintiff "complied with state and local regulations for
27  locating and recording his unpatented mining claims." *Saltzman*, 2024 U.S. Claims LEXIS
    753, at *9–11. In the case before Judge Tuchi, Plaintiff challenges BLM's Phase II
28  determination that seven other mining claims were void *ab initio* because his mineral
    deposits were not valuable. *See id.*; *Saltzman*, 2:25-cv-00223-JJT (Doc. 15 at 4).

1    0153 in this Court (Doc. 1), and on April 10, he filed a Second Amended Petition (Doc.

2    12), which is currently the operative complaint. The Federal Defendants moved to dismiss

3    the Second Amended Petition for lack of subject matter jurisdiction, or, in the alternative,

4    moved for a more definite statement. (Doc. 14). After that motion was fully briefed,

5    Plaintiff moved to file a Third Amended Petition (Doc. 19), which Federal Defendants

6    oppose (Doc. 23). Defendants argue that the lodged Third Amended Petition "contains the

7    same procedural defects as the Second Amended Petition" and should therefore be denied

8    for the sake of judicial economy. (Doc. 23 at 2–3).

9    **II.    DISCUSSION**

10           Both Plaintiff's Second Amended Petition and the Federal Defendants' Motion to

11   Dismiss in this case closely mirror a Second Amended Petition and Motion to Dismiss in

12   Plaintiff's related case before Judge Tuchi. For similar reasons as Judge Tuchi ruled in his

13   June 4, 2025 order, this Court will deny the instant Motion to Dismiss for lack of subject

14   matter jurisdiction under Rule 12(b)(1) (Doc. 14), but it will grant the Motion insofar as it

15   is an alternative motion for a more definite statement. Here, as in Judge Tuchi's case,

16                    Although Defendants are correct that the SAC neglects to
17                    describe in any manner *why* Plaintiff believes that he is entitled
                     to the requested relief, that omission is better addressed by a
18                    motion to dismiss for failure to state a claim, not a motion to
                     dismiss for lack of subject matter jurisdiction. Defendants'
19                    assertion that subject matter jurisdiction is absent here is
                     additionally problematic in that it seems to conflict with the
20                    holding of the Federal Circuit quoted above. Therein, that court
                     not only expressly stated that the district court possesses
21                    jurisdiction to determine the validity of Plaintiff's placer
                     mining claims, but also ordered the Court of Federal Claims to
22                    stay its own proceeding to permit this Court to adjudicate the
                     case now before it.

23   *Saltzman*, 2:25-cv-00223-JJT (Doc. 15 at 5–6). Pro se pleadings must be liberally
24   construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is satisfied that it has
25   subject matter jurisdiction over Plaintiff's claim based on his invocation of the
26   Administrative Procedure Act and references to his IBLA case. (Doc. 12 at 2).
27           With respect to Defendants' alternate request for a more definite statement, the
28

3

1    Court finds that, although "Rule 12(e) motions are viewed with disfavor and are rarely
2    granted," *Ascension Arizona v. Amerisure Ins. Co.*, 2022 WL 4484356, at *1 (D. Ariz.
3    Sept. 27, 2022) (internal citation omitted), in this case, as in Judge Tuchi's case, granting
4    the motion for a more definite statement is tantamount to granting Plaintiff's Motion to
5    Amend. However, Plaintiff's current Motion to Amend (Doc. 19) will be denied without
6    prejudice. Although Plaintiff will be permitted to file a Third Amended Petition, the
7    proposed Third Amended Petition presently lodged at Dkt. 20 is procedurally defective.
8    The Court reminds Plaintiff that he must comply with all Local Rules and Federal Rules of
9    Civil Procedure, including Federal Rule 10(b)'s requirement that "[a] party must state its
10   claims or defenses in numbered paragraphs, each limited as far as practicable to a single
11   set of circumstances," and Local Rule 7.1's instructions regarding forms of papers.

12            Accordingly,

13            **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 14) is **granted in part**
14   **and denied in part**. The Motion is denied to the extent that it seeks dismissal of Plaintiff's
15   Second Amended Petition for lack of subject matter jurisdiction. However, the Motion is
16   granted to the extent that it requests a more definite statement.

17            **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 19) is
18   **denied as moot without prejudice** to allow Plaintiff to file an amended petition in
19   accordance with this Order.

20            **IT IS FURTHER ORDERED** directing Plaintiff to file a Third Amended Petition
21   for Judicial Review by **Monday, August 11, 2025**.

22            Dated this 10th day of July, 2025.

23

24

25                                          Honorable Steven P. Logan
                                            United States District Judge
26

27

28

4