**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jon Saltzman,

               Plaintiff,

vs.

United States Department of the Interior, et al.,

               Defendants.

No.  CV-25-00020-PHX-SPL

**ORDER**

Before the Court is Defendants' Motion to Dismiss Third Amended Complaint (Doc. 26), Plaintiff's Response (Doc. 27), and Defendants' Reply (Doc. 28). Having considered the parties' briefing, the Court will grant the Motion.[1]

## I.    BACKGROUND

In 2005, Plaintiff Jon Saltzman became the holder of 103 unpatented placer mining claims in Arizona.[2] *Saltzman v. United States*, No. 2024-1785, 2025 WL 271615, at *2 (Fed. Cir. Jan. 23, 2025). "To obtain a valid unpatented mining claim, a claimant must 'locate' the claim in accordance with applicable statutory and regulatory requirements,

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] Placer mining targets loose mineral deposits, whereas lode mining targets minerals trapped in solid rock. (Doc. 26 at 3); 30 U.S.C. §§ 23, 35; *Eno v. Jewell*, 798 F.3d 1245, 1247 (9th Cir. 2015).

record the claim with [the Bureau of Land Management ("BLM"),] and pay a one-time location fee to BLM." *Id.* at *1. "After locating an unpatented mining claim, the claim holder must comply with applicable statutory and regulatory requirements to continue to hold the claim," including paying an annual maintenance fee. *Id.*

In December 2013, Plaintiff filed a complaint in the United States Court of Federal Claims, asserting under the Fifth Amendment that his placer mining claims were taken without just compensation because of the Consolidated Appropriations Act ("CAA"). *Id.* (citing *Saltzman v. United States*, No. 13-1014, 2024 WL 1575211, at *1, *6 (Fed. Cl. Apr. 11, 2024), *vacated*, No. 2024-1785, 2025 WL 271615 (Fed. Cir. Jan. 23, 2025)). Those proceedings were stayed "so that [the] BLM could determine if [Plaintiff's] mining claims were valid, and thus whether he had any cognizable property interest" for purposes of his Fifth Amendment claim. *Id.* at *2. After lengthy proceedings and multiple appeals to the Interior Board of Land Appeals (IBLA), the IBLA ultimately determined that all 103 of Plaintiff's mining claims were invalid (the "Decision"). *Id.* Plaintiff's Court of Federal Claims case was then dismissed for lack of subject matter jurisdiction and failure to state a claim because (1) Plaintiff "had not established a valid property interest in any mining claim," as BLM had determined "all 103 of his mining claims [were] invalid," and (2) even if he had a valid mining claim, the CAA did not constitute a taking. *Id.*

On appeal, however, the Federal Circuit Court of Appeals vacated the lower court's decision, holding that the Claims Court lacked jurisdiction over Plaintiff's takings claim until Plaintiff pursues his appellate rights in district court to challenge the IBLA's determinations that his mining claims were void. *Id.* at *5; *see Taylor Energy Co. v. Dep't of the Interior*, 990 F.3d 1303, 1310 (Fed. Cir. 2021) (noting that "judicial review of IBLA decisions may proceed only in district court under the [Administrative Procedure Act, 5 U.S.C. §§ 701–06]"). If Plaintiff obtains a reversal in this Court, only then will the Claims

Court "have jurisdiction to review his takings claim on the merits for those valid mining claims." *Saltzman*, 2025 WL 271615, at *5.[3]

On January 6, 2025, Plaintiff filed a Petition for Judicial Review of IBLA 2016-0039. (Doc. 1). Plaintiff subsequently filed a First (Doc. 7) and then a Second Amended Petition (Doc. 12). On July 11, 2025, the Court granted Defendants' Motion for More Definite Statement and dismissed the Second Amended Petition. (Doc. 24). Plaintiff filed the current operative complaint, the Third Amended Petition (the "TAC")[4], on August 5, 2025. (Doc. 25). Now pending before the Court is Defendants' Motion to Dismiss for both lack of subject-matter jurisdiction and failure to state a claim for relief.[5] (Doc. 26).

## II.    LEGAL STANDARDS

### A. Rule 12(b)(1)

"Rule 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (quotation omitted). "Allegations raised under Rule 12(b)(1) should

---

[3] Plaintiff has filed two separate lawsuits in the District of Arizona, the other of which is currently before Judge Tuchi. *See Saltzman v. U.S. Dep't of the Interior, et al.*, 2:25-cv-00223-JJT (D. Ariz. 2025). In the instant case, Plaintiff challenges BLM's determination that seventy of his mining claims were void at Phase I of BLM's review process, where BLM determined whether Plaintiff "complied with state and local regulations for locating and recording his unpatented mining claims." *Saltzman*, 2024 WL 1575211, at *4. In the case before Judge Tuchi, Plaintiff challenges BLM's Phase II determination that seven other mining claims were void *ab initio* because his mineral deposits were not valuable. *See id.*; *Saltzman*, 2:25-cv-00223-JJT (June 4, 2025) (Doc. 15 at 4).

[4] The Court construes the TAC as challenging the Decision, *Jon Saltzman*, 198 IBLA 203 (2024) (on reconsideration), rather than exclusively challenging the IBLA's October 9, 2024 order denying Plaintiff's motion for reconsideration, (Doc. 25 at 54–68).

[5] Defendants criticize Plaintiff for having disregarded certain Federal and Local Rules governing the form of pleadings, including Federal Rule 10(b), which provides the Court with an independent basis for dismissal. (Doc. 26 at 2). While true, such infractions are inconsequential here and need not be addressed further. As noted below, the TAC presents no legal claim that could serve as the basis of an adjudication.

3

be addressed before other reasons for dismissal because if the complaint is dismissed for lack of subject matter jurisdiction, other defenses raised become moot." *Id.* "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006); *see also Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) ("An attack on subject matter jurisdiction may be facial or factual."). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria*, 452 F. Supp. 2d at 919. "When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact." *Id.* "A plaintiff has the burden of proving that jurisdiction does in fact exist." *Id.*

### B. Rule 12(b)(6)

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave County*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) ("Rule 12(b)(6) provides the one and only method for testing whether" pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 598–99 (7th Cir. 2006) ("Rule 12(b)(6) does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024). A claim is facially plausible when it

contains "factual content that allows the court to draw the reasonable inference" that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at \*1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.    DISCUSSION

### A.  Subject-Matter Jurisdiction

Despite the Court's holding in its July 11, 2025 Order, Defendants maintain the Court lacks subject-matter jurisdiction over this action. (Doc. 26 at 12–13, § V(A)). Plaintiff, on the other hand, alleges the Court has subject-matter jurisdiction—specifically federal question jurisdiction—based on the invocation of the Administrative Procedure Act ("APA") and references to his IBLA case. (Doc. 27 at 2, § 2; *see also* Doc. 25 at 2, § 1).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). The federal-question statute, 28 U.S.C. § 1331, confers subject-matter jurisdiction over "all civil actions arising under the . . . laws . . . of the United States." Defendants argue that, because the TAC references 30 U.S.C. § 1719(j), an irrelevant statutory provision authorizing judicial review under the Federal Oil and Gas Royalty Management Act of 1982, Plaintiff has failed to properly establish subject matter jurisdiction. (Doc. 26 at 12–13, § V(A)). This argument, however, hinges on an extremely constrained reading of the TAC.

Upon review, it is clear to this Court that Plaintiff seeks review of the IBLA decision under the APA. Both this Court and the Ninth Circuit have expressly stated that a court has federal question jurisdiction over claims invoking judicial review via the APA. (Doc. 24 at 3); *see also Allen v. Milas*, 896 F.3d 1094, 1099 (9th Cir. 2018) ("Although the

5

Declaratory Judgment Act and the APA do not provide for subject matter jurisdiction in this case, unless some other provision deprives the district court of jurisdiction, [28 U.S.C.] § 1331 supplies ample basis for its subject matter jurisdiction."). In fact, Defendants cite ample authority to support this proposition. (Doc. 26 at 7, § II(B)). The Court thus finds Defendants' argument is without merit and is satisfied it has subject-matter jurisdiction over Plaintiff's claim. *See, e.g., Allen*, 896 F.3d at 1102 (concluding that the district court had federal question jurisdiction over the plaintiff's claim where the plaintiff sought judicial review of an agency decision under the APA); *McKown v. United States*, 908 F. Supp. 2d 1122, 1138 (9th Cir. 2012) ("The district courts have jurisdiction to review administrative decisions of the Secretary of the Interior pursuant to 28 U.S.C. § 1331(a)." (citation omitted)).

### B. Failure to State a Claim

Defendants argue the TAC fails to state a claim under 12(b)(6) because the Court lacks the authority to grant Plaintiff's requested relief, (Doc. 26 at 14–16, § V(C)), and Plaintiff does not plead sufficient facts to challenge the Decision, (*Id.* at 16–18, § V(D)). Plaintiff does not directly address Defendants' Rule 12(b)(6) arguments, but reiterates arguments from the TAC, namely that the IBLA erred because the BLM did not provide Plaintiff notice of any filing defects or the opportunity to cure any such deficiencies. (Doc. 27 at 6–7, 9, §§ 8–9, 12). Plaintiff further argues the BLM's determination that his mining claims were invalid should have been barred by the five-year statute of limitations ("SOL") in 28 U.S.C. § 2462, (*Id.* at 2–4, 10–11, §§ 2–4, 13), and the BLM should not have accepted his annual fee payments if his mining claims were invalid, (*Id.* at 6, 13–14, §§ 7, 16). The Court will address each argument in turn.

### i. Improper Claim for Relief

Plaintiff asks for a declaration that his seventy mining claims "were valid at the time of the 'taking' [on] September 1, 2012." (Doc. 25 at 16, § 16). Defendants contend Plaintiff's request is fatal under Rule 12(b)(6) because the APA does not provide the Court with such power. (Doc. 26 at 14–16, § V(C)).

6

The Court disagrees with Defendants' characterization of Plaintiff's request. Federal courts typically do not grant Rule 12(b)(6) motions based on improper claims for relief. *See Rodriguez v. Serv. Emps. Int'l*, 755 F. Supp. 2d 1033, 1053 (N.D. Cal. 2010) ("[A] Rule 12(b)(6) motion 'will not be granted merely because [a] plaintiff requests a remedy to which he or she is not entitled.'" (second alteration in original) (citation omitted)); *Doss v. S. Cent. Bell Tel. Co.*, 834 F.2d 421, 425 (5th Cir. 1987) (a demand for improper relief is not fatal if the claim shows the plaintiff entitled to different form of relief); *Doe v. U.S. Dep't of Just.*, 753 F.2d 1092, 1104 (D.C. Cir. 1985) ("[I]t need not appear that the plaintiff can obtain the specific relief demanded as long as the court can ascertain from the face of the complaint that some relief can be granted."). So long as Plaintiff can show that he is entitled to some form of relief the Court can grant, the Court will deny the Motion. *See United States v. Howell*, 318 F.2d 162, 166 (9th Cir. 1963) ("A 'complaint is not to be dismissed . . . if it shows that the plaintiff is entitled to any relief which the court can grant, regardless of whether it asks for the proper relief.'" (citation omitted)).

Here, the Court can provide relief in the form of remand. *See Earth Island Inst. v. Hogarth*, 494 F.3d 757, 770 (9th Cir. 2007) ("[T]he ordinary remedy when a court finds an agency's action to be arbitrary and capricious is to remand for further administrative proceedings."). The fact that Plaintiff does not expressly request this relief does not deprive him of it, especially when he alleges that he is entitled to some form of relief under the APA. Thus, the Court will deny the Motion on this basis.

### ii.  Insufficient Facts Arising Under the APA

Defendants argue the TAC fails under Rule 12(b)(6) because Plaintiff does not provide any basis upon which the SOL in 28 U.S.C. § 2462 applies, (Doc. 26. at 13–14, § V(B)), nor does Plaintiff describe how the IBLA erred in its decision, (*Id.* at 16–18, § V(D)).

Judicial review of agency decisions is governed by the APA. 5 U.S.C. § 706. The Court will only reverse the Decision if it "is arbitrary, capricious, not supported by

substantial evidence, or contrary to law." *Hjelvik v. Babbitt*, 198 F.3d 1072, 1074 (9th Cir. 1999); *see* 5 U.S.C. § 706(2)(A), (E). "This standard is 'highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision.'" *Bahr v. U.S. Env't Prot. Agency*, 836 F.3d 1218, 1229 (9th Cir. 2016) (citation omitted).

Nevertheless, the Court will view an agency decision as arbitrary and capricious if it "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). However, "[t]he scope of review under the 'arbitrary and capricious' standard is narrow[,] and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43.

Plaintiff mainly challenges the Decision on three grounds. First, Plaintiff argues the invalidation of his mining claims constituted a taking under the Fifth Amendment because the BLM's challenge to the claims' validity was time barred under 28 U.S.C. § 2462. (Doc. 25 at 5–7, § 7). The TAC does not allege the IBLA erred in its finding that 28 U.S.C. § 2462 is inapplicable to the BLM's voidance decision. Aside from the conclusory assertions that the BLM violated the Fifth Amendment Takings Clause, Plaintiff pleads no other facts would allow this Court to infer the Decision violated the APA. *See* 5 U.S.C. § 706(2). However, even if the TAC did allege the IBLA erred in its application of § 2462, Plaintiff would still fail to state a claim. Plaintiff's failure to comply with Section 314(B) of the Federal Land Policy and Management Act ("FLPMA") resulted in the automatic abandonment of his claims. (Doc. 25 at 65)[6]; *see* 43 U.S.C. § 1744(b), (c). The IBLA expressly stated that "mining claims abandoned by operation of law are not discretionary

---

[6] The Court may consider the exhibits attached to the TAC without converting Defendants' Motion to Dismiss into a motion for summary judgment. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

8

enforcement actions within the meaning of 28 U.S.C. § 2462." (Doc. 25 at 65); *see also Saltzman*, 2025 WL 271615, at \*4 ("[T]here is no statute of limitations barring the Department of the Interior's validity determinations.").

Second, Plaintiff argues the BLM violated 43 C.F.R. § 3830.22(b)(2) by accepting the annual fee payments on his invalid mining claims. (Doc. 25 at 6–7, 12, 14–15, §§ 7, 13, 15). Again, the TAC does not address how the IBLA's analysis in rejecting this argument was erroneous or in violation of the APA. Plaintiff's allegations consist solely of conclusory statements that the BLM violated their own rules. (*Id.* at 14–15, § 15). Without more, the Court cannot deem the Decision to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Third, Plaintiff argues the IBLA erred because the BLM did not provide Plaintiff notice of any filing defects per 43 C.F.R. § 3830.94 or give him the opportunity to cure any such deficiencies.[7] (Doc. 25 at 5–7, 12–13, 14, §§ 7, 13, 15). Plaintiff asserts the "IBLA decision was unreasonable and unjust" but does not describe how the Decision as it relates to the BLM's voidance determination was in error. (*Id.* at 13, § 14). The TAC simply reiterates the conclusory statement that the BLM's actions were "Arbitrary and Capricious and Without Observance of Procedure Required by Law." (*Id.* at 14, § 15). These bare statements are insufficient to state a plausible claim to relief under Rule 12(b)(6) or the APA. *See In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." (citation omitted)). Thus, for all the reasons reasons stated above, the Court finds that Plaintiff has failed to plead sufficient facts that would allow this Court to infer the Decision was "arbitrary, capricious, an abuse of discretion, or otherwise

---

[7] Plaintiff also repeatedly cites 43 C.F.R. § 3833.32(d) to support his allegation that the BLM did not follow its administrative procedures. (Doc. 25 at 6–7, 12–13, §§ 7, 13; Doc. 27 at 6–7, 12–13, §§ 8, 10, 14). That provision, however, describes the filing process for transferring a mining claim or site, not the notice process for defective filings. *Id.*

not in accordance with law." 5 U.S.C. § 706(2)(A). Defendants' Motion to Dismiss is therefore granted.

## IV.    CONCLUSION

All told, the Court finds the TAC fails to state a claim under the APA. Plaintiff only needs to allege enough facts to "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. That has not occurred here. Because the TAC fails to satisfy the pleading standards set forth by Rule 8, its dismissal is both warranted and necessary. Nonetheless, district courts should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Given that additional facts could cure Plaintiff's claim, leave to amend is appropriate. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation omitted)), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

The amended petition shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim, and a good faith demand for the relief sought. *See* Fed. R. Civ. P. 8(a)(1)–(3). "Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a 'short and plain statement of the claim' for purposes of Rule 8." *Krikorian v. Bank of Am.*, No. CV-20-02274-PHX-DWL, 2021 WL 1338325, at *3 (D. Ariz. Apr. 9, 2021) (quoting *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988)). The Court also reminds Plaintiff that he must comply with all Local Rules and Federal Rules of Civil Procedure, including Federal Rule 10(b)'s requirement that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and Local Rule 7.1's instructions regarding forms of papers.

///

///

10

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 26) is **granted** to the extent the Third Amended Petition is dismissed for a failure to state a claim and **denied** in all other respects.

**IT IS FURTHER ORDERED** that the Third Amended Petition (Doc. 25) is **dismissed without prejudice and with leave to amend**. Plaintiff may file an amended petition curing the defects identified in this Order by **April 24, 2026**. If Plaintiff does not do so, the action will be dismissed without further notice.

Dated this 26th day of March, 2026.

Honorable Steven P. Logan
United States District Judge

11